# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Schmied,                        :
                          Petitioner  :
                                      :
              v.                      :
                                      :
Workers' Compensation Appeal          :
Board (City of Philadelphia),         :    No. 147 C.D. 2018
                         Respondent   :    Submitted: July 6, 2018


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: August 9, 2018


Carl Schmied (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) January 10, 2018 order affirming the Workers' Compensation Judge's (WCJ) decision denying Claimant's claim petition (Claim Petition). The sole issue before this Court is whether the Board erred by concluding that Claimant failed to establish an entitlement to WC benefits. After review, we affirm.

Claimant is 61 years old and began working for the City of Philadelphia's (Employer) Fire Department on February 22, 1977. At the time of hire, he had a physical exam, and he had not treated for any form of cancer before joining the Fire Department. In October 1979, Claimant was promoted to lieutenant. Before his promotion, he had several physical exams. He did not treat for cancer during his career with the Fire Department. He retired from the Fire Department on January 16, 2009.

During his career, Claimant worked at a number of different fire stations, including Ladder 32, Engine 29, Ladder 21, Engine 7, Engine 14, Engine 36, Ladder 2, Engine 71 and Engine 64. None of the stations had diesel fuel emission capture systems. While conducting an equipment check at the beginning of every shift, the engines were started and the pumps were checked. Each apparatus usually ran for 15 to 20 minutes. In order to fill up the air bottles for Employer's cascade system, the trucks would run for an hour to an hour and ten minutes. As both a firefighter and a lieutenant, Claimant had to be on the apparatus floor while the trucks were running. He could smell the diesel fuel emissions in the firehouse. He also saw residue or soot on the walls, which had to be cleaned once each week. Claimant consistently viewed residue and soot on the walls throughout his career. He was exposed to diesel fuel emissions at all of the fire stations at which he worked. Claimant fought his last fire in December 2008, just before he retired in January 2009.

Claimant was diagnosed with thyroid cancer in November 2010. Thereafter, Claimant had three cancer surgeries. The first two surgeries were in November 2010 and the last one was performed in September 2011. On December 14, 2012, Claimant filed the Claim Petition alleging that his thyroid cancer resulted from direct exposure to International Agency for Research on Cancer (IARC) Group I carcinogens while working as a firefighter. Claimant sought payment of medical expenses only. Employer denied all material allegations and asserted a number of defenses, including notice and the statute of limitations. WCJ hearings were held on January 30, August 7, September 18, October 23, and November 6, 2013, February 24, May 14, July 30 and September 17, 2014.

On May 12, 2015, the WCJ denied the Claim Petition, concluding that the Section 301(e) of the WC Act (Act),[1] 77 P.S. § 413,[2] presumption (Presumption)

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.
[2] Added by Act of October 17, 1972, P.L. 930, 77 P.S. § 413.

did not apply,[3] and Claimant did not establish that his employment as a firefighter caused his thyroid cancer. The WCJ alternatively concluded that Employer rebutted any Presumption. Claimant appealed to the Board. On August 12, 2016, the Board vacated the WCJ's decision and remanded to the WCJ for a new determination because the WCJ applied the wrong burden of proof. Specifically, the Board concluded that the Presumption applied and claimants suffering from an occupational disease are entitled to payment of reasonable and necessary medical expenses regardless of whether the disease has caused earnings loss. On March 20, 2017, the WCJ again concluded on remand that the Presumption did not apply[4] and denied the Claim Petition. Claimant appealed to the Board. On January 10, 2018, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[5]

> Initially, Section 301(c)(2) of the Act provides, in relevant part:
>
> The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this [A]ct, shall include, unless the context clearly requires otherwise, occupational disease as defined in [S]ection 108 of th[e] [A]ct: Provided, That whenever occupational disease is the

---

[3] Section 301(e) of the Act provides, in relevant part:

> If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment[.]

77 P.S. § 413. The WCJ determined that the Presumption did not apply because Claimant was not employed at or immediately before his alleged date of disability.

[4] The WCJ determined that the Presumption did not apply because Claimant failed to establish that his thyroid cancer was the type of cancer caused by Group 1 carcinogens to which he was exposed as required by Section 108(r) of the Act, added by Section 1 of the Act of July 7, 2011, P.L. 251, 77 P.S. § 27.1(r).

[5] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

basis for compensation, for disability or death under th[e] [A]ct, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease[.]

77 P.S. § 411(2). Section 301(e) of the Act establishes the Presumption. It states:

If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this [P]resumption shall not be conclusive.

77 P.S. § 413. Section 301(f) of the Act[6] mandates:

Compensation pursuant to cancer suffered by a firefighter shall only be to those firefighters who have served four or more years in continuous firefighting duties, who can establish direct exposure to a carcinogen referred to in [S]ection 108(r) [of the Act] relating to cancer by a firefighter and have successfully passed a physical examination prior to asserting a claim under this subsection or prior to engaging in firefighting duties and the examination failed to reveal any evidence of the condition of cancer. The [P]resumption of this subsection may be rebutted by substantial competent evidence that shows that the firefighter's cancer was not caused by the occupation of firefighting. . . . Notwithstanding the limitation under [Section 301(c)(2) of the Act] with respect to disability or death resulting from an occupational disease having to occur within three hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease, claims filed pursuant to cancer suffered by the firefighter under [S]ection 108(r) [of the Act] may be made within six hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease. The [P]resumption provided for under this subsection shall only apply to claims made within the first three hundred weeks.

---

[6] Added by Section 1 of the Act of July 7, 2011, P.L. 251.

4

77 P.S. § 414. Section 108(r) of the Act[7] defines an occupational disease to include "[c]ancer suffered by a firefighter which is caused by exposure to a known carcinogen which is recognized as a Group 1 carcinogen by the [IARC]." 77 P.S. § 27.1(r).

Claimant argues the Board erred by concluding that he failed to establish an entitlement to WC benefits because the Board misinterpreted Sections 108(r) and 301(f) of the Act.[8] Specifically, Claimant contends that

> [Dr. Barry Singer, M.D. (]Dr. Singer[)] provide[d] uncontradicted evidence to establish that thyroid cancer is a 'cancer caused by exposure to a known carcinogen which is recognized as a Group [1] carcinogen by the IARC' as required by Section 108(r) [of the Act]. Dr. Singer specifically establishe[d] that thyroid cancer is related to all-site IARC Group [1] carcinogens, arsenic and dioxin. ([Reproduced Record (R.R.) at] 116-[]117). These carcinogens cause thyroid cancer through endocrine disruption. ([R.R. at] 114 –[]116).

Claimant Br. at 14. However, Dr. Singer testified:

> Q. Doctor, in other cancer cases that we've had, we've looked at the IARC list of carcinogens found in smoke and compared that to the IARC list of carcinogens by the cancer site.
>
> A. Yes, sir.
>
> Q. And **is there any carcinogen listed by the IARC that a firefighter's exposed to that's directly related to thyroid cancer**?
>
> A. **None specifically**. You just have the general carcinogens like arsenic, dioxin that may cause cancers in any organ, but **there's none specifically that relates to the thyroid**.
>
> Q. And in reviewing this matter and testifying and being involved over the years, **you'll agree that** the IARC cancer

---

[7] Added by Section 1 of the Act of July 7, 2011, P.L. 251.

[8] Claimant's entire argument rests on his assertion that he was entitled to the Presumption.

lists and even the monographs for the carcinogens, other than the all-site carcinogens, **there's no connection between thyroid cancer and a specific carcinogen listed by the IARC, even in the monographs**?

A. **I would agree**.

R.R. at 116 (emphasis added).

This Court has explained:

[T]o establish that a firefighter's cancer is an occupational disease, **the firefighter must show that he has been diagnosed with a type of cancer '*caused by* exposure to a known carcinogen which is recognized as a Group 1 carcinogen**.' 77 P.S. § 27.1(r) (emphasis added). Once a firefighter establishes that his type of cancer is an occupational disease, then he may take advantage of the statutory [P]resumption in Section 301(e) and (f) of the Act. The [P]resumption relieves the firefighter of the need to prove that his cancer was caused by his workplace exposure and not another cause. *See* . . . 77 P.S. § 413. So long as the firefighter can show four years of continuous service and the absence of cancer prior to that service, he is entitled to compensation under Section 301(f) of the Act[.]

*City of Phila. Fire Dep't v. Workers' Comp. Appeal Bd. (Sladek)*, 144 A.3d 1011, 1020 (Pa. Cmwlth. 2016) (emphasis added), *appeal granted*, 167 A.3d 707 (Pa. 2017). In the instant case, the Board opined:

Section 108(r) [of the Act] requires a claimant to establish that the cancer contracted is a type of cancer caused by exposure to the Group 1 carcinogen to which the claimant was exposed in the workplace and, only once the claimant makes these showings, is he entitled to the rebuttable presumptions set forth in Section 301(f) and Section 301(e) of the Act. Here, . . . **Claimant did not demonstrate that his thyroid cancer is an occupational disease for firefighters under Section 108(r) [of the Act]. He failed to establish that his disease is a type of cancer caused by exposure to a recognized Group 1 carcinogen**.

Board Dec. at 11 (footnotes and citations omitted) (emphasis added). We find no error in the Board's conclusions.

This Court acknowledges that

> [t]he uncontradicted record establishes:
>
> 1) [Claimant] was diagnosed with thyroid cancer in 2010 just after retiring from active duty status with the [Employer]. He retired on January 16, 2009 and filed his Claim Petition within 300 weeks on April 20, 2012[;]
>
> 2) [Claimant] has more than four years of continuous service in firefighting[;]
>
> 3) [Claimant] has had direct exposure to IARC Group [1] carcinogens from smoke, soot, diesel emissions, asbestos, dirty gear and second-hand cigarette smoke as a firefighter for [Employer] through his retirement in [January 2009][;] and
>
> 4) [Claimant] passed physical examinations prior to asserting a claim as well as prior to engaging in firefighting duties, and the examinations failed to reveal any evidence of the condition of cancer.

Claimant Br. at 14 (record citations omitted). Notwithstanding,

> [t]he [P]resumption in Section 301(e) of the Act does not come into play until the claimant has established that he has an occupational disease. In the case of a firefighter claimant, he does this by showing that his cancer is a type caused by Group 1 carcinogens. Claimant did not do this.

*Sladek*, 144 A.3d at 1021. Accordingly, because the Board interpreted Sections 108(r) and 301(f) of the Act correctly, the Board properly concluded that Claimant failed to establish an entitlement to WC benefits.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Schmied,                                    :
                      Petitioner          :
                                      :
                 v.                              :
                                        :
Workers' Compensation Appeal          :
Board (City of Philadelphia),                  :     No. 147 C.D. 2018
                   Respondent        :

## O R D E R

AND NOW, this 9th day of August, 2018, the Workers' Compensation Appeal Board's January 10, 2018 order is affirmed.

 

_____
ANNE E. COVEY, Judge